(No. 56375.—

*In re* WILLIAM HENRY HALL, Attorney, Respondent.

*Opinion filed March 25, 1983.*

Mary M. Conrad, of Chicago, for the Administrator of the Attorney Registration and Disciplinary Commission.

William J. Harte, Ltd., of Chicago (William J. Harte, of counsel), for respondent.

JUSTICE SIMON delivered the opinion of the court:

William Henry Hall was charged in a two-count complaint with failing to prosecute an appeal in a criminal matter and making false statements under oath before the Attorney Registration and Disciplinary Commission. We must decide whether a six-month suspension recommended by both the hearing and review boards is an appropriate sanction in view of the evidence and the fact that counsel for the Administrator requested that the Hearing Board order only a three-month suspension.

Hall was retained in October 1977 to represent Robert Montgomery in an appeal of his sentence of three to nine years' imprisonment for aggravated battery. He accepted $1,350 of a $1,500 retainer fee from Montgomery's family for this purpose. When he failed to file a brief in the appellate court, that court dismissed the appeal for want of prosecution in September 1978. Hall did not inform Montgomery or his family of the dismissal despite several letters from Montgomery inquiring as to the status of his case, and Montgomery, who was in prison throughout this period, did not learn of it until August 1979, when he was informed by letter by the clerk of the court. Montgomery demanded a refund of the retainer fee; $1,000 of it was repaid by Hall in July 1980, and the balance was repaid subsequently. On April 30, 1980, Hall appeared at the office of the Administrator pursuant to subpoena and, in a sworn statement, as-

serted that he had purchased a transcript of the proceedings in the Montgomery matter for $600 and presented the record, along with a notice of appeal, to the appellate court. The Administrator claimed that these acts had been performed by the public defender before Hall was retained rather than by Hall himself, and charged him with deceitful and dishonest conduct (see 87 Ill. 2d R. 1—102(a)(4)), as well as with neglect of a client matter entrusted to him. The complaint sought "a recommendation for such discipline of the Respondent as is warranted by [the Hearing Board's] findings."

Hall did not file an appearance or a response to the complaint, and the Administrator's motion to have the factual allegations in the complaint deemed admitted was granted. Oral argument before the Hearing Board was attended only by counsel for the Administrator, who, when asked by the Board for recommendations as to an appropriate penalty, responded, "This matter before us today is more aggravated than either [In re] Sherwin or [In re] Kennon in that a second count involving lying about his neglectful conduct is charged and proved. I recommend to this Panel that the discipline imposed be not less than censure and not more than three months." Despite this suggestion, the Hearing Board recommended suspension for six months and until further order of the court.

Hall filed exceptions to the Hearing Board's recommendation and moved for a remand of the case to permit him to respond to count II of the complaint, which charged him with lying under oath before the Commission. The Review Board denied this motion and, on the existing record, modified the Hearing Board's recommendation to provide for only a six-month suspension. Hall filed exceptions in this court and renewed his motion to permit the taking of evidence, which we denied. His position before this court is that he deserves no

more than a censure for failing to prosecute the Montgomery appeal, that the Hearing Board's finding that he lied under oath was improperly weighed as an aggravating factor after once being considered as a substantive charge, and that the Administrator should be foreclosed from seeking more than a three-month suspension after seeking that penalty before the Hearing Board.

Our practice in imposing discipline is to treat similar cases alike where possible, while being mindful of the unique factors of each case. (*In re Chapman* (1978), 69 Ill. 2d 494, 501; *In re Andros* (1976), 64 Ill. 2d 419, 425-26.) We do not agree with Hall that failure to prosecute a criminal appeal should give rise to no greater sanction than censure. In *In re Taylor* (1977), 66 Ill. 2d 567, an attorney who failed to institute proceedings in two civil matters and a criminal case and did not return the fees he had received from his clients was suspended for one year. (See also *In re Chapman* (1978), 69 Ill. 2d 494 (attorney failed to prosecute three civil appeals and was suspended for three months).) Suspension may be an appropriate punishment for neglect of an attorney's duties where there is no showing of corrupt motive or moral turpitude. (*In re Chapman* (1978), 69 Ill. 2d 494, 501; see *In re Ahern* (1961), 23 Ill. 2d 69, 74.) In this case, while Hall returned the full amount of his retainer fee and did not affirmatively misrepresent the status of the appeal to his client, the consequence of his neglect was to cause the client to lose his constitutional right to an appeal. We agree with the Administrator that this loss is less susceptible to monetary valuation or remedy than the loss of a civil suit for damages, and that more severe discipline is appropriate to deter neglect in criminal cases than in civil cases.

In this case, however, we believe that a three-month suspension is the most that should be imposed. While the original complaint did not seek a specific penalty for

Hall's misconduct, counsel for the Administrator sought discipline of "not less than censure and not more than three months" in answer to the Hearing Board's request for a recommendation. We do not interpret this as a request for three months' suspension for count I of the complaint and three months for count II, as the Administrator now suggests it was intended to be; the request was phrased in unambiguous language, and it was immediately preceded by an attempt to distinguish certain cases involving neglect on the ground that the instant case also involved lying under oath. We believe that the function of the Administrator in disciplinary matters is to determine the gravity of an offense and to recommend what punishment is appropriate, based on his experience in the uniform application of the Code of Professional Responsibility. This determination is to protect the interests of the respondent as well as those of the bar and the public, and it should offer reliable guidance for the hearing and review boards and for this court. We believe that the Administrator's original recommendation of three months' suspension rather than a longer one was reasonable. We adopt that recommendation here.

*Respondent suspended.*