(No. 59415.—

*In re* WILLIAM SIDNEY WINN, Attorney, Respondent.

*Opinion filed September 20, 1984.*

James J. Grogan, of Chicago, for the Administrator of the Attorney Registration and Disciplinary Commission.

George B. Collins, of Collins & Amos, of Chicago, for respondent.

JUSTICE GOLDENHERSH delivered the opinion of the court:

On November 12, 1982, the Administrator of the Attorney Registration and Disciplinary Commission filed a three-count complaint against respondent, William Sidney Winn, who was licensed to practice law in Illinois on June 21, 1948, charging him with "neglect[ing] a legal matter entrusted to him" in violation of Rule 6—101(a)(3) of the Code of Professional Responsibility (Code); "engag[ing] in conduct prejudicial to the administration of justice" in violation of Rule 1—102(a)(5) of the Code; "prejudic[ing] and damag[ing] a client during the course of his professional relationship" in violation of Rule 7—101(a)(3) of the Code; and "engag[ing] in conduct involving dishonesty, fraud, deceit, or misrepresentation" in violation of Rule 1—102(a)(4) of the Code (87 Ill. 2d R. 6—101(a)(3), 1—102(a)(5), 7—101(a)(3), 1—102(a)(4)). At the close of proofs at hearing, the Administrator recommended that respondent be suspended from the practice of law for a period of three months. The panel of the Hearing Board recommended that respondent be suspended from the practice of law for a period of two months. Neither the Administrator nor the respondent filed exceptions to the report of the Hearing Board. The Review Board affirmed the findings of the Hearing Board but recommended that respondent be censured. Neither party filed exceptions. The Administrator's motion to approve and confirm the report and recommendation of the Review Board was denied and the parties

were ordered to file briefs. 94 Ill. 2d R. 753(e)(1).

The testimony shows that on March 5, 1961, one of the complainants, Mathilda Clay Mirsky, and her sister, Jenny Alesi, were involved in an automobile accident. Both women retained respondent to file actions for personal injuries sustained in the occurrence. On June 27, 1962, Ms. Mirsky was involved in a second automobile accident. She retained respondent to file an action for personal injuries against her employer, the driver of the vehicle in which she was riding. Respondent concedes that after the first action was filed, process was never served and the cause was dismissed for want of prosecution. Respondent also acknowledges that the second personal injury action was dismissed because the complaint was filed two days after the statute of limitations had run. Between the dismissal of the second action in October 1964 and the spring of 1981, Mirsky and Alesi made numerous inquiries of respondent concerning the status of the litigation. The Administrator alleges, and respondent concedes, that he made numerous false statements to his clients, assuring them of the pendency of the actions. The neglect of these matters and the misrepresentations as to their status comprise the charges contained in count I of the Administrator's complaint.

With regard to count II, during 1976 and 1977, Sam Mirsky, the husband of complainant, Mathilda Clay Mirsky, asked respondent to record several deeds relating to a divorce settlement entered into between Sam Mirsky and his former spouse, Mary Mirsky. The Mirskys also requested that respondent prepare the documents to establish a trust relating to certain property owned by Mr. Mirsky. Respondent testified that he did not record the deeds when they were executed and that he did not establish the trust as requested. While the Hearing Board made no specific finding of neglect as to count II, it found that "Sam Mirsky's testimony generally sup-

ports the allegations of Count II."

As to count III, all material facts alleged in the Administrator's complaint were admitted in respondent's answer. It was alleged that on August 15, 1970, Anya Martin Stone was injured when a newly purchased coffee can exploded while being opened. Upon retaining respondent to file a claim for personal injuries against, among others, the manufacturer of the coffee can, Ms. Stone delivered the coffee can to respondent. Respondent filed suit on behalf of Ms. Stone and upon commencement of discovery, the circuit court ordered that plaintiff produce the coffee can. Respondent failed to comply with the order and the court dismissed the action as to all defendants. In addition to not informing his client that her action had been dismissed, respondent assured her, falsely, on several occasions, that it was still pending. In admitting the allegations of this count, respondent stated that the coffee can was mistakenly discarded by a cleaning lady. Although he acknowledges that his conduct was negligent, he denies that it constituted a breach of the Code of Professional Responsibility.

The sole question presented here is the determination of the appropriate sanction to be imposed upon respondent. As noted above, the Hearing Board recommended that respondent be suspended from the practice of law for two months; the Review Board recommended censure. Although the recommendation of the boards are given consideration, the responsibility for selecting an appropriate sanction rests with this court. (*In re Kink* (1982), 92 Ill. 2d 293, 302; *In re Hopper* (1981), 85 Ill. 2d 318, 323.) We have sought to impose similar sanctions for similar transgressions (*In re Saladino* (1978), 71 Ill. 2d 263, 275), but as we noted in *In re Hopper* (1981), 85 Ill. 2d 318, 324, "each disciplinary case is unique" and requires " 'an independent evaluation of the circumstances in each case.' " *In re McLennon* (1982), 93 Ill. 2d

215, 221.

The testimony shows that respondent was negligent and dilatory in representing his clients' interests and that he made misrepresentations concerning the status of their litigation. We note and agree with the finding of the Hearing Board "that there has been no showing of corrupt motive or moral turpitude and that there are several mitigating factors present." We note further and agree with the Hearing Board that respondent's testimony was candid and forthright. Respondent calls our attention to several mitigating factors. First, he points to the long-standing, amicable relationship between himself and Sam Mirsky. He asserts that he performed considerable work without charge for Mirsky, including a State criminal trial, a Federal civil trial, a divorce and a social security hearing. With respect to the failure to timely file Mrs. Mirsky's action against her employer, he points out that she refused to authorize filing suit until shortly before the end of the limitations period. Respondent's wife and father became seriously ill and both died at about this same time. Finally, he notes that three Cook County circuit judges testified that respondent is competent and possesses a high degree of integrity.

From our review of our prior decisions (see *In re Kink* (1982), 92 Ill. 2d 293, and cases therein discussed), we conclude that an appropriate sanction in this case is censure. As we said in *In re Kink:*

> " 'The purpose of a disciplinary proceeding is to safeguard the public and maintain the integrity of the legal profession.' (*In re Levin* (1979), 77 Ill. 2d 205, 211.) We do not believe that either of these purposes will be served by suspending respondent." 92 Ill. 2d 293, 305.

For the reasons stated, it is ordered that respondent be censured.

*Respondent censured.*