(No. 64152.—■

*In re* MARSHALL ROBERT WEINBERG,
Attorney, Respondent.

*Opinion filed January 19, 1988.*

CUNNINGHAM, J., took no part.

Samuel J. Manella, of Chicago, for the Administrator of the Attorney Registration and Disciplinary Commission.

Frederick F. Cohn, of Chicago, for respondent.

JUSTICE MILLER delivered the opinion of the court:

On May 22, 1985, the Administrator of the Attorney Registration and Disciplinary Commission filed a complaint charging the respondent, Marshall R. Weinberg, and an office associate, Edward D. Triwush, with professional misconduct. The basis for the complaint was the failure of the respondent and Triwush to file an appellate court brief in a criminal case; the respondent was the attorney of record in the appeal, and Triwush had agreed to write the brief. The Hearing Board recommended that the respondent be suspended from the practice of law for a 90-day period and that Triwush be suspended for one year; one member of the panel dissented in part, believing that the respondent should also receive a one-year suspension. The respondent and Triwush filed exceptions to the Hearing Board's report and recommendations. The Review Board agreed with the conclusions of fact and law reported by the Hearing

Board but disagreed with its proposed sanctions. The Review Board recommended that the respondent be censured and that Triwush be suspended for six months; one member of the Review Board dissented in part, believing that the respondent should also receive a six-month suspension. The Administrator filed a motion in this court for approval and confirmation of the Review Board's report and recommendation; we denied the motion and ordered the parties to submit briefs on the matter.

Triwush did not file a brief in this court, and he later failed to respond to a rule to show cause why the Administrator's motion to approve and confirm the Review Board's report should not be allowed. Accordingly, on February 19, 1987, the court allowed the Administrator's motion and suspended Triwush for six months. The respondent has submitted a brief, and the sole issue presented here concerns the proper sanction for his misconduct. The respondent contends that a private reprimand—a punishment less serious than censure—would be appropriate.

Neither the respondent nor Triwush appeared before the Hearing Board. The respondent, but not Triwush, had filed an answer to the Administrator's complaint, and the respondent denied that his conduct here constituted disciplinary violations. The discovery depositions of the respondent and Triwush were introduced into evidence at the hearing, and from the depositions, as well as from court records concerning the criminal appeal at issue here, the following chronology of events emerges. The respondent was retained to represent John Gilbert in a prosecution for rape; Gilbert was convicted of the offense in October 1981, and he was sentenced to 28 years' imprisonment in December. At Gilbert's request, the trial judge appointed the respondent to handle the case on appeal. The respondent filed a notice of appeal

on December 24, 1981. Triwush, a lawyer who occupied office space leased by the respondent and several others, agreed to write the appellate court brief in exchange for half the $1,000 fee on appeal, and he submitted an appellate court docketing statement in January 1982. From time to time the respondent received correspondence regarding Gilbert's appeal, and the respondent would turn the material over to Triwush for action. Aware that Triwush had filed several motions for extension of time in the appellate court, the respondent periodically asked Triwush when the brief was going to be finished. A final extension of time was allowed to January 5, 1983. No brief was filed, however, and on June 29, 1983, the appellate court dismissed the appeal for want of prosecution. At some point the respondent learned of the dismissal, and when he confronted Triwush with the appellate court's order, Triwush insisted that the brief had been filed and that the appellate court was mistaken. The respondent later received confirmation from the appellate court that no brief had been filed in the case. In November 1983, Gilbert's family retained another lawyer, who was able to have the appeal reinstated and who filed a brief in Gilbert's behalf. The appellate court affirmed the conviction. Neither the respondent nor Triwush received a fee in connection with the appeal.

Dorothy Gilbert, mother of John Gilbert, testified before the Hearing Board that the respondent told her in March 1982 that Triwush would be handling the appeal. Following that, Mrs. Gilbert checked with Triwush periodically about the progress of the case. According to Mrs. Gilbert, Triwush told her in February 1983 that he had filed the brief and that they would now have to wait for the State to file its brief. Sometime later, Triwush told her that the State was taking its time. In June 1983, Mrs. Gilbert and another woman visited Triwush

at his office. According to Mrs. Gilbert, Triwush assured the two women that the defendant's brief had been filed, and he said again that he was waiting for the State to file its brief. Mrs. Gilbert said that between September and November 1983, she tried to reach Triwush weekly, but he did not return her calls; an attempt to reach the respondent on one occasion during that period was also unsuccessful. In November 1983 Mrs. Gilbert hired another attorney to look into the case, and about a week later she learned from her son that the appellate court had dismissed the appeal.

Based on the failure of the respondent and Triwush to prepare and file a brief in Gilbert's appeal, the Administrator charged the two lawyers with neglecting a matter entrusted to them (87 Ill. 2d R. 6—101(a)(3)), failing to carry out a contract of employment (87 Ill. 2d R. 7—101(a)(2)), failing to represent a client zealously (87 Ill. 2d R. 7—101), and prejudicing or damaging a client during the course of a relationship (87 Ill. 2d R. 7—101(a)(3)). The Administrator also charged Triwush with engaging in conduct involving dishonesty, fraud, deceit, and misrepresentation (87 Ill. 2d R. 1—102(a)(4)), stemming from his false statements to Mrs. Gilbert that the brief had been filed and that the appeal was being delayed because of the State's request for an extension of time. Both the Hearing Board and the Review Board found that the charges had been proved, and the respondent does not contest that conclusion here. The respondent acknowledges that, as attorney of record in Gilbert's case, he was required to ensure that a competently prepared brief was filed on time in the appellate court. The only issue presented here concerns the discipline to be imposed on the respondent. The respondent argues that a private reprimand would be an appropriate disposition in this case. The Administrator asks that the

respondent be censured, which was the recommendation of the Review Board.

Disciplinary actions are intended to safeguard the public, maintain the integrity of the legal profession, and protect the administration of justice from reproach. (*In re Lenz* (1985), 108 Ill. 2d 445, 450-51; *In re Schelly* (1983), 94 Ill. 2d 234, 241.) Predictability and fairness require consistency in the imposition of sanctions (*In re Saladino* (1978), 71 Ill. 2d 263, 275), though each case must be considered on its own facts (*In re Hall* (1983), 95 Ill. 2d 371, 375). In this case, the Hearing Board recommended that the respondent be suspended for 90 days, and the Review Board recommended that the respondent be censured. The recommendations of the Boards are to be given consideration, though ultimate responsibility for determining an appropriate sanction rests with this court. (*In re Winn* (1984), 103 Ill. 2d 334, 337.) The respondent argues that his misconduct was not as egregious as that committed by other attorneys who have been censured for neglect (see *Winn*, 103 Ill. 2d 334; *In re Kink* (1982), 92 Ill. 2d 293; *In re Ahern* (1961), 23 Ill. 2d 69), and he concludes that a private reprimand—a less severe punishment—would be an appropriate disposition in this case, which involved only one instance of neglect.

We do not agree with the respondent that censure would be a disproportionately harsh sanction here. The respondent is correct in noting that each of the attorneys in *Winn, Kink*, and *Ahern* was found to have neglected more than one matter. But those cases did not purport to establish the threshold of misconduct that would make censure appropriate. Moreover, in the cases cited, the matters neglected were civil rather than criminal; here, the respondent's misconduct led to the dismissal of an appeal from a criminal conviction, and the potential for noncompensable loss to the client was

therefore greater. Because the denial or loss of a criminal appeal "is less susceptible to monetary valuation or remedy than the loss of a civil suit for damages, *** more severe discipline is appropriate to deter neglect in criminal cases than in civil cases." (*In re Hall* (1983), 95 Ill. 2d 371, 375.) Here, it was through the persistent efforts of Mrs. Gilbert that another attorney was retained and the appeal eventually reinstated.

The respondent graduated from law school in 1967 and was admitted to practice in Illinois later that year. Following that, the respondent taught college classes for two years while he worked toward earning a master's degree in literature. The respondent served as an assistant State's Attorney in Cook County from 1969 until 1973, when he entered private practice, concentrating in criminal trial work in both Federal and State courts. The respondent notes that the action here is the first disciplinary proceeding against him. As further mitigation, the respondent submits that he did not act with a dishonest or fraudulent motive, and that he did not take part in any of the activity that misled Mrs. Gilbert and her son concerning the status of the appeal. The respondent also notes that Gilbert did not suffer any permanent harm from the dismissal of the appeal, for the case was later reinstated and determined on its merits.

"An attorney cannot avoid his professional obligations to a client by the simple device of delegating work to others." (*In re Ashbach* (1958), 13 Ill. 2d 411, 415.) Although much of the blame must fall on Triwush, he was a relatively inexperienced attorney, having been admitted to practice in November 1981, just shortly before he assumed the brief-writing responsibilities in Gilbert's appeal. The respondent's failure to monitor the progress of the appeal more closely is therefore less defensible. Discipline may be appropriate even though there is no dishonest motive for the misconduct. (*In re Clayter*

(1980), 78 Ill. 2d 276, 283.) We conclude that censure is the appropriate disposition in this case. Therefore, we order the respondent censured.

*Respondent censured.*

JUSTICE CUNNINGHAM took no part in the consideration or decision of this case.