(No. 70257.—)

*In re* GORDON CHARLES RING, Attorney-Respondent.

*Opinion filed November 30, 1990.—Rehearing denied February 4, 1991.*

130

Sheila M. Tuma, of Chicago, for the Administrator of the Attorney Registration and Disciplinary Commission.

William J. Harte, Ltd., of Chicago (William J. Harte and David J. Walker, of counsel), for respondent.

JUSTICE RYAN delivered the opinion of the court:

On December 2, 1988, the Administrator of the Attorney Registration and Disciplinary Commission (Administrator) filed a three-count complaint charging respondent, Gordon Charles Ring, with various acts of misconduct arising out of respondent's representation of a client, John Boyce. The complaint alleged that respondent failed to properly prosecute an appeal from Boyce's criminal conviction, that respondent made misrepresentations to Boyce regarding the appeal, and that respondent made misrepresentations to the Attorney Registration and Disciplinary Commission (Commission). With regard to these charges, the Hearing Board found only that respondent was negligent in his communications with Boyce, and recommended that respondent be censured. The Review Board found that all of the allegations in the complaint were supported by clear and convincing evidence in the record, and recommended that respondent be suspended from the practice of law for

one year. Respondent has filed in this court exceptions to the findings and conclusions of the Review Board.

On May 15, 1986, Boyce was convicted of calculated criminal disposal of hazardous waste, criminal disposal of hazardous waste, and reckless disposal of hazardous waste (Ill. Rev. Stat. 1985, ch. 111½, pars. 1044(b)(1), (c)(1), (f)). Boyce was apparently the first person convicted under the statute and was sentenced to three years' imprisonment. Respondent represented Boyce at trial. Following the trial, respondent filed, in the circuit court of Lake County, a motion for a new trial, setting forth 19 separate reasons therefor. The circuit court denied this motion.

Respondent agreed to represent Boyce on appeal of the conviction. On August 1, 1986, respondent filed, in the circuit court, a notice of appeal. Also on that date, respondent filed, in the circuit court, a motion for bond pending appeal. This motion was denied on August 8, 1986, and Boyce was incarcerated. On August 18, 1986, respondent filed, in the appellate court, a motion for bond pending appeal. The appellate court denied the motion. Respondent did not inform Boyce directly of the appellate court's denial of the motion. Rather, respondent informed a friend of Boyce.

On November 26, 1986, respondent received from Boyce a letter dated November 20, 1986. In the letter, Boyce inquired about the status of his appeal. The letter was also critical of respondent's failure to inform Boyce directly that the appellate court had denied Boyce's motion for bond pending appeal. Boyce stated that he had been informed by his friend that the motion was denied.

In a letter dated December 3, 1986, respondent responded to Boyce's letter of November 20. Respondent stated in the letter:

"Let's get back on track by meeting to discuss your appeal on Wednesday, December 17, 1986 ***. Your appel-

late brief will probably be completed at least in its first draft by that date and I'll bring it with me."

Respondent did not meet with Boyce on December 17, 1986. Respondent testified before the Hearing Board that the meeting did not occur because blizzard conditions made travel impossible. Respondent did not draft a brief on Boyce's behalf.

On December 29, 1986, respondent filed, in the appellate court, a motion for an extension of time in which to file a brief on Boyce's behalf. On December 31, 1986, the appellate court granted the motion, allowing 35 additional days in which to file a brief. Respondent in fact never filed an appellate court brief on Boyce's behalf.

On February 26, 1987, the appellate court, on its own motion, entered an order directing respondent to file Boyce's brief within 30 days and informing respondent that if the brief was not so filed the appeal would be dismissed. Respondent did not inform Boyce of this order. On March 16, 1987, respondent received from Boyce a letter dated March 10, 1987. The letter stated:

"Looking back at your letter dated December 3, 1986, you stated 'Let's get back on the right track.' It is now over three months since that letter and I have not received a copy of the briefs."

In late March 1987, Boyce was transferred from the Vandalia Correctional Center to a work release facility in Winnebago County. Boyce then contacted respondent and respondent stated that he would meet with Boyce at the work release facility.

On April 2, 1987, the appellate court entered an order dismissing Boyce's appeal for failure to comply with the court's February 26 order. Respondent testified before the Hearing Board that he did not recall receiving a copy of the April 2 order dismissing the appeal, but stated that his office must have received it because it was in Boyce's file.

On April 21, 1987, respondent met with Boyce at the work release facility in Winnebago County. According to Boyce, respondent told Boyce, at the meeting, that he would be going to court again in "a couple of weeks" concerning Boyce's appeal. Boyce stated that respondent told him respondent would bring Boyce the transcripts of Boyce's trial. Boyce testified that at the April 21 meeting, respondent did not tell Boyce that there were no appealable issues in Boyce's case. Boyce stated that he asked his friend to call the appellate court in June 1987, to inquire about the status of his appeal. The friend complied. Boyce then discovered, through his friend, that his appeal had been dismissed on April 2, 1987.

According to respondent, he informed Boyce over the telephone "in February or so" of 1987 that there were no viable issues to pursue on appeal in Boyce's case. Respondent stated that he believed Boyce understood this. Respondent testified that at the April 21 meeting, he told Boyce that "we were at the end of the line, that we had come to that fork in the road, that there was no viable issue for appeal." Respondent acknowledged that at the time of his meeting with Boyce, respondent understood that Boyce's appeal either had been dismissed or shortly would be dismissed. Respondent never informed Boyce that Boyce's appeal had been dismissed or that it would be dismissed for respondent's failure to file a brief. Respondent denies telling Boyce, at the April 21 meeting, that respondent would be going to court in two weeks concerning Boyce's appeal. Respondent also denies telling Boyce that briefs would be delivered to Boyce.

In July 1987, Boyce filed a charge against respondent with the Commission. On September 21, 1987, the Administrator received a letter from respondent dated September 18, 1987, which served as his response to

Boyce's charge. In the letter, respondent indicated that he had met with Boyce in March 1987 and told Boyce that the appeal was "fruitless"—that there were no appealable issues.

In January 1988, respondent appeared before the Commission, pursuant to a subpoena *duces tecum*, and gave a sworn statement in which he stated that he had met with Boyce in March 1987 and explained to Boyce that there were no viable issues to pursue on appeal. On September 22, 1988, respondent appeared at the Commission for a deposition concerning Boyce's charge against him. In the course of the deposition respondent again stated that he met with Boyce in March 1987 and had told Boyce, at the meeting, there were no issues to pursue on appeal. Also, during the course of the deposition, counsel for the Administrator produced a sign-in sheet from the work release facility where Boyce had been detained. On the sheet respondent's name appeared beside the date "4-21-87."

Respondent later testified before the Hearing Board that he had been mistaken as to the date of his spring 1987 meeting with Boyce. Respondent stated that in Boyce's letter to the Commission, Boyce had indicated that respondent met with Boyce at the county jail in August 1986, and that respondent and Boyce did not meet again until Boyce had been transferred to the work release facility in March 1987. Respondent indicated that this led him to believe that his spring 1987 meeting with Boyce had occurred in March rather than April.

The Administrator's amended complaint charged respondent with violating numerous provisions of the Illinois Code of Professional Responsibility. Count I of the complaint addressed respondent's alleged failure to properly prosecute Boyce's appeal. Specifically, the complaint charged respondent with neglect of a legal matter entrusted to him, in violation of Rule 6—101(a)(3) of the

Code, with failure to seek the lawful objective of a client, in violation of Rule 7—101(a)(1), with failure to carry out a contract of employment, in violation of Rule 7—101(a)(2), and with causing prejudice or damage to Boyce during the course of respondent's professional relationship with Boyce, in violation of Rule 7—101(a)(3). Count II charged respondent with making misrepresentations to Boyce by failing to disclose to Boyce that the appeal had been dismissed, by informing Boyce during the April 21, 1987, meeting that they would be going to court "in a couple of weeks" regarding the appeal, and by telling Boyce at the April 21, 1987, meeting that respondent would send briefs to Boyce. Specifically, count II charged respondent with engaging in conduct involving dishonesty, fraud, deceit and misrepresentation, in violation of Rule 1—102(a)(4) of the Code, with conduct involving moral turpitude, in violation of Rule 1—102(a)(3), and with causing prejudice or damage to Boyce during the course of the professional relationship, in violation of Rule 7—101(a)(3). Count III charged respondent with making misrepresentations to the Commission by informing the Commission that respondent had met with Boyce in March 1987, prior to the dismissal of Boyce's appeal, when in fact the meeting occurred on April 21, 1987, after the appeal had been dismissed. Count III further alleged that respondent falsely represented to the Commission that he had told Boyce the appeal was fruitless, and that respondent had rather informed Boyce that the appeal was still pending and that respondent would forward copies of the briefs to Boyce.

Respondent testified before the Hearing Board that he had considered all the issues raised in Boyce's motion for a new trial and had concluded sometime in January or February 1987 that there were no viable issues to pursue on appeal. The Hearing Board refused to admit into evidence the testimony of an expert witness offered

by respondent. Respondent did make a written offer of proof regarding the expert. The offer of proof indicates that the expert would have testified that he had reviewed the record on appeal from Boyce's conviction and had found nothing upon which an argument on appeal could have been based with any reasonable likelihood of success. The Hearing Board also refused to admit into evidence the record on appeal from Boyce's conviction.

Respondent is 38 years old and was admitted to the Illinois bar in 1977. Since admission to the bar, he has engaged in the private practice of law, primarily litigation. He also represents the city of Belvidere. He is a member of several bar associations and is a member of the board of managers of the Illinois Trial Lawyers Association. He is on the board of directors of the Family Consultation Service, an organization concerned with family dysfunction, and has served on the church council of his church. He has also done work for Prairie State Legal Service, which provides legal services to low income people on a *pro bono* basis.

Before the Hearing Board, respondent produced five character witnesses, including a circuit judge, an associate judge, two practicing attorneys and the mayor of Belvidere, Illinois. These witnesses testified that respondent's reputation for honesty and truthfulness in the community where respondent practices is excellent.

The Hearing Board, in its decision, accepted respondent's version of the events surrounding respondent's post-trial representation of Boyce. The Hearing Board found that respondent did not negligently cause the dismissal of Boyce's appeal. The Hearing Board found, however, that respondent had been negligent in his communications with Boyce and was for this deserving of discipline. The Hearing Board dismissed count III, accepting respondent's explanation for his statements that he had met with Boyce in March 1987, and finding that

Boyce did not intentionally try to mislead the Commission. The Hearing Board recommended that respondent be censured on counts I and II.

The Administrator filed with the Review Board exceptions to the findings and recommendation of the Hearing Board. The Review Board found that all the allegations in the Administrator's complaint were supported by clear and convincing evidence, and recommended that respondent be suspended from the practice of law for one year.

Before this court, respondent argues that the Review Board erred in disregarding certain findings of the Hearing Board and in disregarding the Hearing Board's recommendation that respondent be censured. Respondent further asserts that the Review Board erred in disregarding the Administrator's recommendation that respondent be suspended from the practice of law for six months. Respondent argues that the Hearing Board correctly found that respondent did not neglect Boyce's appeal. Respondent further asserts that the Hearing Board correctly found that respondent did not deliberately mislead or make misrepresentations to either Boyce or the Commission. Respondent, however, argues that the Hearing Board erred in refusing certain evidence, including the expert testimony, which respondent asserts tends to corroborate respondent's position that there were no viable issues to pursue in Boyce's appeal. Finally, respondent argues that the misconduct actually proven (negligence in communicating with a client) does not merit suspension from the practice of law, and that even if he is found to have neglected Boyce's appeal, such conduct does not merit a one-year suspension.

In a disciplinary proceeding, the charges must be proved by clear and convincing evidence (107 Ill. 2d R. 753(c)(6); *In re Bossov* (1975), 60 Ill. 2d 439, 441), and factual findings made in disciplinary proceedings are en-

titled to substantially the same weight as the findings of any trier of fact in our judicial system (*In re Fox* (1988), 122 Ill. 2d 402, 408-09; *In re Bossov* (1975), 60 Ill. 2d 439, 441). The Review Board is empowered to reject or modify such factual findings of the Hearing Board as the Review Board determines are not supported by clear and convincing evidence, and the Review Board may make such additional findings as it determines are supported by clear and convincing evidence. 107 Ill. 2d R. 753(e)(3).

Respondent takes exception to the Review Board's finding that he neglected Boyce's appeal. Respondent asserts that the Hearing Board properly found respondent's conduct amounted only to negligence in respondent's communications with Boyce. We conclude, however, that the Hearing Board greatly undervalued the severity of respondent's misconduct.

Respondent undertook the representation of Boyce on appeal. Respondent filed a notice of appeal. Respondent filed his appearance and the record, and he sought additional time within which to file a brief. But then respondent abandoned the pursuit of the appeal. He never filed, or even drafted, a brief on behalf of Boyce. Respondent did not tell Boyce that the appeal had been dismissed or that the appeal was in imminent peril of being dismissed for respondent's failure to file a brief. All this was in spite of Boyce's inquiries into the status of the appeal. At the time of the April 1987 meeting, Boyce was quite understandably under the impression that the appeal was still pending, when in fact it had been dismissed nearly three weeks earlier.

Respondent posits that he did not neglect Boyce's appeal because there were no viable issues to pursue on appeal. This argument, however, misses the fundamental point that Boyce had a constitutional right to an appeal from his criminal conviction. (Ill. Const. 1970, art. VI, §6.) The ultimate decision whether or not to exercise

that right was Boyce's. Boyce was essentially foreclosed from making the choice by respondent's failure to inform Boyce that no brief had been filed and that the appeal would soon be dismissed. Respondent was admittedly aware of the February 26, 1987, order giving him 30 days in which to file a brief. Had respondent explained to Boyce that, in respondent's opinion, there were no viable issues to pursue on appeal, that respondent was not going to pursue the appeal by filing a brief, *and* that the appeal would shortly be dismissed if no brief was filed, Boyce could have sought to protect his right to appeal in some other manner, such as by seeking other counsel. Perhaps Boyce would have agreed that there was no hope of success on appeal and that the appeal should have been dismissed voluntarily. But in either event, Boyce had the ultimate responsibility for deciding whether or not to pursue the appeal, for the right to appeal belonged to Boyce and not to respondent.

We find that characterizing respondent's conduct in these respects as a simple failure to properly communicate with a client belittles the importance of effective communication between an attorney and his client. When a client places his or her trust in an attorney to pursue a legal matter on the client's behalf, it is essential that the attorney keep the client reasonably informed about the progress and status of the matter. In this way, the client can make an intelligent decision to proceed further with the matter, to terminate pursuit of the matter, or to exercise some other option such as seeking the advice of other counsel.

An attorney is obligated to represent a client with zeal and diligence within the bounds of the law. (*In re Fox* (1988), 122 Ill. 2d 402, 409; *In re Chapman* (1978), 69 Ill. 2d 494, 501.) Respondent's conduct in this case amounts to a failure to adhere to this standard. We conclude that respondent's conduct rose to the level of ne-

glect of a legal matter entrusted to him by his client in violation of Rule 6—101(a)(3). Respondent's conduct further prejudiced or damaged Boyce during the course of their professional relationship in violation of Rule 7—101(a)(3).

On a related point, we reject respondent's contention that the Hearing Board erred in excluding certain evidence which respondent offered in support of his argument that there were no viable issues to pursue on appeal of Boyce's conviction. This evidence consists of the record on appeal from Boyce's conviction, as well as the testimony of an expert witness who had reviewed the record on appeal and was prepared to testify that there were no viable issues to pursue on appeal. Respondent states that the evidence was offered to corroborate his position that there was nothing to argue on appeal and as mitigating evidence to establish that, even if respondent had neglected the appeal, Boyce suffered no harm as a result.

We note initially that in the motion for a new trial in Boyce's case, respondent set forth 19 reasons for a new trial. Respondent did file a notice of appeal, and later requested an extension of time in which to file a brief. The motions for bond pending appeal of Boyce's conviction which respondent filed in the circuit court and the appellate court state that Boyce's case is one of first impression in Illinois and that several issues were in dispute on appeal.

We further note that respondent's misconduct was not in his determination that there were no viable issues to pursue on appeal. As discussed above with regard to count I of the complaint, the misconduct actually proven was that respondent neglected Boyce's case by failing to inform Boyce that respondent was no longer pursuing the appeal prior to its dismissal and that the appeal would be dismissed for respondent's

failure to file a brief. Respondent's reasons for abandoning the appeal were simply irrelevant to these acts of misconduct. That respondent may have thought he had a valid reason for not pursuing the appeal certainly did not relieve him of his responsibility to consult with his client before allowing the appeal to be dismissed.

We also conclude that this evidence was not admissible to show that respondent suffered no harm as a result of respondent's failure to pursue the appeal. The loss of a constitutional right to appeal from a criminal conviction is much " 'less susceptible to monetary valuation or remedy than the loss of a civil suit for damages.' " (*In re Weinberg* (1988), 119 Ill. 2d 309, 314-15, quoting *In re Hall* (1983), 95 Ill. 2d 371, 375.) It is exceedingly difficult to assess what, if any, harm attends the loss of such a right. It is, therefore, necessary to deter all attorney misconduct which results in the loss of a client's constitutional right to appeal from a criminal conviction without inquiry into whether the client's exercise of that right would have proven fruitful. (See *In re Weinberg* (1988), 119 Ill. 2d 309, 315; *In re Hall* (1983), 95 Ill. 2d 371, 375.) Respondent's opinion that there were no viable issues in Boyce's criminal appeal, and the evidence offered in support of respondent's position, are certainly no substitute for the judgment of the appellate court on the merits of the appeal.

We further find no merit in respondent's suggestion that, in holding as we do in this case, we will trap attorneys in a "catch-22" situation. Respondent suggests that attorneys will now be forced to prosecute "frivolous" appeals to save themselves from discipline on the one hand, and to face a court-imposed sanction or fine for pursuing frivolous matters on the other hand. It is clear enough, however, that if respondent found the issues raised in Boyce's appeal to be "frivolous" he should have clearly explained this to Boyce and if

Boyce insisted on pursuing the appeal, respondent could have sought to withdraw as Boyce's attorney, pursuant to Rule 2—110(c) of the Code of Professional Responsibility.

We further find that respondent's lack of candor with Boyce, particularly with respect to respondent's admitted failure to inform Boyce that respondent was not going to file a brief on Boyce's behalf, and respondent's admitted failure to disclose to Boyce at the April 21 meeting that the appeal had been dismissed, when respondent was admittedly aware, at that time, that the appeal had been dismissed or soon would be dismissed, amounted to conduct involving dishonesty, deceit or misrepresentation in violation of Rule 1—102(a)(4). We, however, accept the findings of the Hearing Board that respondent did not blatantly lie to Boyce at the April 21, 1987, meeting by telling Boyce that he would be going to court within two weeks regarding the appeal or by telling Boyce that respondent would forward briefs to Boyce. Respondent denies that he made these statements to Boyce. Respondent claims, instead, that he told Boyce at the meeting the appeal was fruitless—there were no viable issues to pursue. The Hearing Board " 'is in the best position to weigh conflicting testimony and to make determinations regarding the credibility of witnesses.' " (*In re Schneider* (1983), 98 Ill. 2d 215, 221, quoting *In re Harris* (1982), 93 Ill. 2d 285, 295. See also *In re Howard* (1977), 69 Ill. 2d 343, 351; *In re Smith* (1976), 63 Ill. 2d 250, 255.) The Hearing Board's findings in this respect—here concerning the correct version of what transpired at the meeting between respondent and Boyce—are entitled to great weight. (*In re Hopper* (1981), 85 Ill. 2d 318, 323.) Contrary to the findings of the Review Board, we see no reason in this case to disturb the Hearing Board's factual findings in these respects.

We similarly accept the Hearing Board's dismissal of count III of the Administrator's amended complaint on the ground that respondent did not intentionally try to mislead the Commission. Count III, in part, charges respondent with relating to the Commission a false version of what transpired at the April 21, 1987, meeting. As noted above, we see no reason to disturb the Hearing Board's decision to accept respondent's version of that meeting. Count III then charges respondent with falsely stating to the Commission that the meeting occurred in March 1987, when in fact it occurred in April 1987. Respondent gave a plausible explanation for this discrepancy, and the Hearing Board accepted it. Again, contrary to the findings of the Review Board, we see no reason to disturb the Hearing Board's findings on this point.

We turn now to the appropriate discipline for respondent's misconduct. While, as noted above, factual findings made in a disciplinary proceeding are entitled to substantially the same weight as the findings of any trier of fact in our judicial system, "with respect to whether and to what extent discipline is to be imposed, the recommendations of the Hearing Board and Review Board are advisory which this court is not required to adopt." (*In re Fox* (1988), 122 Ill. 2d 402, 409, citing *In re Hopper* (1981), 85 Ill. 2d 318, 322-23.) In this case the Hearing Board recommended that respondent be censured and the Review Board recommended that he be suspended from the practice of law for one year. The Administrator, whose function it is to "determine the gravity of an offense and to recommend what punishment is appropriate, based on his experience in the uniform application of the Code of Professional Responsibility" (*In re Hall* (1983), 95 Ill. 2d 371, 376), recommended to the Review Board a six-month suspension. Now the Administrator recommends a one-year suspen-

sion in accordance with the recommendation of the Review Board. As discussed above, we find respondent's misconduct more severe than the Hearing Board found, but not all the misconduct alleged in the Administrator's complaint was proven by clear and convincing evidence.

"Predictability and fairness require consistency in the imposition of sanctions." (*In re Weinberg* (1988), 119 Ill. 2d 309, 314, citing *In re Saladino* (1978), 71 Ill. 2d 263, 275.) But we continue to recognize that each disciplinary case is unique, and must be considered on its own facts. (*In re Weinberg* (1988), 119 Ill. 2d 309, 314; *In re Hall* (1983), 95 Ill. 2d 371, 375; *In re Chapman* (1978), 69 Ill. 2d 494, 501.) This court has previously recognized that neglect of an attorney's duties to his client is misconduct warranting discipline. (*In re Weinberg* (1988), 119 Ill. 2d 309; *In re Fox* (1988), 122 Ill. 2d 402; *In re Hall* (1983), 95 Ill. 2d 371; *In re Chapman* (1978), 69 Ill. 2d 494; *In re Taylor* (1977), 66 Ill. 2d 567.) Furthermore, in cases in which the attorney's neglect resulted in the loss of a client's constitutional right to an appeal from a criminal conviction, this court has recognized that "the denial or loss of a criminal appeal 'is less susceptible to monetary valuation or remedy than the loss of a civil suit for damages.'" (*In re Weinberg* (1988), 119 Ill. 2d 309, 315, quoting *In re Hall* (1983), 95 Ill. 2d 371, 375.) Therefore, "'more severe discipline is appropriate to deter neglect in criminal cases than in civil cases.'" *In re Weinberg* (1988), 119 Ill. 2d 309, 315, quoting *In re Hall* (1983), 95 Ill. 2d 371, 375. See also *In re Fox* (1988), 122 Ill. 2d 402, 409-10; *In re Schneider* (1983), 98 Ill. 2d 215, 224.

In *In re Fox* (1988), 122 Ill. 2d 402, an attorney neglected three criminal appeals, resulting in their dismissal. The attorney in that case also made misrepresentations to the family of one of his clients that an

appellate brief had been filed, when in fact no brief had been filed. Further, the attorney did not make prompt restitution of fees paid to him for handling the appeals. This court suspended the attorney for 18 months. In *In re Weinberg* (1988), 119 Ill. 2d 309, this court ordered the respondent censured where the respondent had delegated to a young associate the responsibility of preparing a brief in a criminal appeal. The brief was never filed in the appellate court and the appeal was dismissed; however, the appeal was later reinstated through another attorney. In *In re Hall* (1983), 95 Ill. 2d 371, the respondent neglected a criminal appeal by failing to file a brief and the appeal was dismissed for want of prosecution. The respondent was also found to have lied, under oath, to the Commission during the investigation of the respondent's case. In accordance with the Administrator's original recommendation in that case, we ordered that the respondent be suspended from the practice of law for three months.

In the present case, we conclude that suspension is warranted for respondent's mishandling of Boyce's criminal appeal. We note again that there were also elements of dishonesty involved in respondent's misconduct. We find that the appropriate discipline for respondent's misconduct is suspension from the practice of law for a period of six months.

*Respondent suspended.*