THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
ARNOLDO AVITIA, Defendant-Appellant.

Second District   No. 2—87—0232

Opinion filed January 25, 1989.

G. Joseph Weller and Steven E. Wiltgen, both of State Appellate Defender's Office, of Elgin, for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE INGLIS delivered the opinion of the court:

Defendant, Arnoldo Avitia, appeals from an order of the circuit court of Du Page County dismissing his amended petition for post-conviction relief without an evidentiary hearing. We affirm.

Following a jury trial, defendant was convicted of possession of cocaine with intent to deliver and sentenced to 20 years' imprisonment. Defendant appealed alleging, among other things, that his sentence was excessive. This court affirmed defendant's conviction in *People v. Avitia* (1981), 98 Ill. App. 3d 1204 (unpublished Rule 23 order). In our disposition, we noted that defendant had failed to include a transcript of his sentencing hearing in the record and therefore waived his claim that his sentence was excessive. We further noted that defendant's sentence was nonetheless within the statutory limits and that the presentence report indicated that defendant had a prior conviction for distribution of heroin.

Defendant subsequently filed a *pro se* petition for post-conviction relief. The trial court appointed counsel to represent defendant, and defendant filed an amended petition alleging, among other things, that he was deprived of the effective assistance of appellate counsel in that his attorney failed to provide the appellate court with a transcript of his sentencing hearing and waived his claim of sentencing error on direct appeal. Defendant's amended petition was supported by a copy of our disposition affirming his conviction on direct appeal, his own signed affidavit, and the unsigned affidavit of another witness. The trial court continued the cause to allow the State to file a response, and, on February 19, 1987, the State moved to dismiss defendant's amended petition. On March 11, 1987, the trial court granted the State's motion and dismissed defendant's amended petition without an evidentiary hearing. Defendant brought this timely appeal.

Defendant's sole contention on appeal is that the trial court erred in dismissing his amended post-conviction petition on the basis that he was denied effective assistance of appellate counsel by counsel's failure to provide the appellate court with a transcript of his sentencing hearing. We disagree.

A post-conviction petition may be dismissed by the trial court without an evidentiary hearing where the petitioner fails to make a substantial showing that his constitutional rights have been violated. (*People v. Albanese* (1988), 125 Ill. 2d 100, 105; *People v. Silagy* (1987), 116 Ill. 2d 357, 365; see Ill. Rev. Stat. 1987, ch. 38, par. 122—6.) In

order to make a substantial showing that the petitioner's constitutional rights have been violated, the allegations in the petition must be supported by the record in the case or by accompanying affidavits. (*Albanese*, 125 Ill. 2d at 105; *Silagy*, 116 Ill. 2d at 365; see Ill. Rev. Stat. 1987, ch. 38, par. 122—2.) Denial of an evidentiary hearing on a post-conviction petition is discretionary with the trial court, and its decision will not be reversed absent an abuse of discretion. *People v. Cobb* (1986), 150 Ill. App. 3d 267, 270.

■ In the instant action, the trial court concluded that defendant's allegation of ineffective assistance of appellate counsel did not constitute a substantial showing of the violation of his constitutional rights. We cannot say that this was an abuse of discretion.

■ The right to effective assistance of counsel applies to counsel on a direct appeal as of right. (*Evitts v. Lucey* (1985), 469 U.S. 387, 396-97, 83 L. Ed. 2d 821, 829-30, 105 S. Ct. 830, 836-37.) In assessing claims of ineffective assistance of appellate counsel, the applicable test is the same used in assessing claims of ineffective assistance of trial counsel set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052. (See *People v. Purifoy* (1988), 172 Ill. App. 3d 980, 991.) The two-prong test set forth in *Strickland* provides that ineffective assistance of counsel is established by a showing that (1) counsel's conduct was professionally deficient, and (2) but for the deficiency, there is a reasonable probability that the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687, 80 L. Ed. 2d at 693, 104 S. Ct. at 2064.

■ Regardless of whether defendant's appellate counsel's conduct was deficient under the first prong of *Strickland*, it is clear that his claim of ineffective assistance must fail under the second prong. Defendant must show that there is a reasonable probability that he would have prevailed on appeal and not merely that his claim on appeal *would have been entertained*. Defendant has failed to articulate in either his amended post-conviction petition, supporting documentation, or in his brief on this appeal any substantive error which occurred at sentencing and merely states that his sentence was "excessive." Defendant has not shown that, but for his original appellate counsel's failure to provide a transcript of his sentencing hearing, there is a reasonable probability that the outcome of his direct appeal would have been different. Therefore, we conclude that the trial court did not err in dismissing his amended petition.

Defendant nonetheless cites *People v. Stark* (1966), 33 Ill. 2d 616, for the proposition that where potentially determinative evidence contained in a report of proceedings is lost and unavailable to a reviewing

court through no fault of the defendant, the proper relief is to remand the cause for a new hearing on the disputed evidence. Defendant's reliance on *Stark* is misplaced. In *Stark,* the court noted that there was a question as to whether the defendant was ever informed of his right to be represented by counsel. (33 Ill. 2d at 621.) The State's Attorney explained on appeal that a transcript of the relevant proceeding was not available due to loss of the court reporter's notes. (33 Ill. 2d at 618-19.) The appellate court ruled that under the peculiar circumstances of that case, the missing testimony was essential for adequate review. 33 Ill. 2d at 620-21.

In the instant action, defendant does not allege that the trial court considered inappropriate evidence or failed to consider elements of mitigation. Defendant does not in any other way attack the sentencing proceedings except by asserting that the record is missing and the sentence is excessive. The mere absence of a record, without more, does not constitute a showing of incompetency of counsel. (*People v. Stanley* (1978), 62 Ill. App. 3d 638, 641-42 (absence of record regarding circumstances of defendant's arrest precluded finding on appeal that arrest was illegal as well as finding that counsel was incompetent for failing to put legality of arrest into issue at trial).) Accordingly, the judgment of the trial court dismissing defendant's amended post-conviction petition is affirmed.

Affirmed.

UNVERZAGT, P.J., and DUNN, J., concur.