THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
GILBERT J. HAMMONDS, Defendant-Appellant.

Fifth District   No. 5—88—0393

Opinion filed March 21, 1991.

Daniel M. Kirwan and E. Joyce Randolph, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Mark Howard Clarke, State's Attorney, of Cairo (Kenneth R. Boyle, Stephen E. Norris, and Debra A. Buchman, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE CHAPMAN delivered the opinion of the court:

The defendant, Gilbert Hammonds, appeals from the circuit court's denial of his petition for post-conviction relief. Hammonds argues that he was denied effective assistance of counsel prior to and at the time he entered his guilty plea to the charge of murder and that he was denied his right to a full evidentiary hearing on his post-conviction petition. He prays that this court remand this cause for such a hearing. We affirm.

On October 8, 1986, Hammonds was charged with murder. Public Defender Michael Cole was appointed to represent Hammonds. Cole filed motions to change venue and suppress defendant's confession. Thereafter, Public Defender Gloria Thurston was appointed to represent Hammonds. On January 6, 1987, Hammonds pleaded guilty to the charge of murder in exchange for a negotiated sentence of 20 years' imprisonment. No motion to withdraw this plea was ever filed. Hammonds filed a *pro se* petition for post-conviction relief on September 17, 1987. On October 6, 1987, he filed a motion requesting appointment of counsel in the matter of his post-conviction petition.

Public Defender Larry Beard was appointed to represent Hammonds on the post-conviction petition and filed an amended petition on May 5, 1988. It was alleged therein that the defendant's guilty plea had been the result of ineffective assistance of counsel rendered by both Michael Cole and Gloria Thurston; that defendant's confession had been coerced; that defendant's right to counsel had been violated when the police interrogated him after counsel was appointed but without counsel being present; that Cole had told defendant that he would continue to represent defendant on a per-hour basis after Cole had resigned as public defender; and that Felts had threatened to kill the defendant immediately before the defendant shot Felts. Attached

to the post-conviction petition was an affidavit from Public Defender Thurston, which states in pertinent part:

"4. After my appointment as Public Defender on November 15, 1986, Michael Cole told me that he understood that he was to handle the above-entitled cause.

5. I held back until I understood from Judge Spomer and States Attorney Clarke that I was to handle the above-entitled cause, and so repeatedly asked Cole for his notes and case file.

6. Finally on December 3, 1986, I met with Cole and he gave me a case folder with 9 pages of notes of research cases and lists of motions he intended to file and tapes of a conference with Jeff Woodruff and of a telephone conversation among T.A., Mae and Lucian Hammonds. I received no notes of interviews with the defendant and no notes of any investigations conducted by Cole.

7. On December 5, 1986, I interviewed the defendant for the first time. When he came to the door of the interview room he looked in and asked 'Where is he?' I introduced myself as the new Public Defender, but the defendant seemed reluctant to speak with me and kept asking what happened to Cole. He also seemed unable to remember the precise facts of the situation.

8. Although the case seemed to need a great deal of investigation, I did not ask the court for extra funds for investigation.

9. Shortly before the January pretrial date for defendant, States Attorney Clarke offered to agree to a continuance to the February pretrial date. I made no motion for a continuance.

10. In early November, 1986, prior to the time I was hired, States Attorney Clarke advised me that he and the judge wanted someone with court room experience as public defender, someone who could 'move cases.' I felt pressure to please the judge by pleading cases quickly.

11. Although it was clear from the first discovery packet furnished by the state that the Illinois Division of Criminal Investigation had made several tapes of statements by witnesses, I never requested to listen to tapes other than the October 15 tape available at the Alexander County Sheriffs [sic] Department."

Also attached to the post-conviction petition was an affidavit signed by defendant Hammonds, attesting that he had repeatedly requested assistance of counsel prior to questioning by the police, but the police continued to question him without providing an attorney;

that Cole told Hammonds that Hammonds should proceed with Thurston, but that Cole would merely be using her to gather information in preparation for the trial; that Cole advised Hammonds that his fee was $4,000; that when Hammonds pleaded guilty, he did so believing that Judge Spomer, State's Attorney Clarke, and Cole were conspiring against him by sending Thurston to represent him when Thurston knew nothing about the case; and that Cole had never advised Hammonds that he had withdrawn as defense counsel.

Two hearings were conducted on Hammonds' post-conviction petition. Hammonds was not present at either hearing. In addition, neither Cole nor Thurston was present at the hearings. At the second hearing, the court questioned attorney Beard as to why the defendant had not raised his post-conviction claims in a motion to withdraw his guilty plea. Attorney Beard claimed that the defendant had been unable to do so because the facts were not of the record at that time. When asked to point to evidence in the record to support defendant's claim, Beard could not point to any reference in the record to support his claim. After the hearing, the court entered its order finding that Hammonds' claims of error were waived because he had not filed a motion to withdraw his guilty plea. The court further found that even assuming Hammonds did not waive his right to raise alleged errors at the post-conviction stage, the evidence presented in support of the petition was insufficient to support defendant's claims.

■ Supreme Court Rule 604(d) (134 Ill. 2d R. 604(d)) provides in part that, "No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to withdraw his plea of guilty and vacate the judgment." Generally, the lapse of more than 30 days from the imposition of sentence divests the trial court of jurisdiction to entertain a motion to vacate a plea of guilty or " 'to adjudicate the merits thereof.' " (*People v. Green* (1983), 116 Ill. App. 3d 815, 820, 452 N.E.2d 767, 771, quoting *People v. Stojetz* (1977), 46 Ill. App. 3d 205, 207, 360 N.E.2d 1139, 1140.) One exception to a filing of a motion under Supreme Court Rule 604(d) has been made where the failure to file such a motion constituted ineffective assistance of counsel. (*People v. Morguez* (1980), 90 Ill. App. 3d 471, 413 N.E.2d 128.) In the instant case there was no motion to withdraw Hammonds' guilty plea, and Hammonds does not contend that the failure to file said motion was due to ineffective assistance of counsel. We find, therefore, that the trial court did not err in finding that Hammonds had waived his right to raise any nonconstitutional claims.

■ Although the Post-Conviction Hearing Act (Act) (Ill. Rev. Stat. 1989, ch. 38, par. 122—1 *et seq.*) is not an alternative means for reviewing nonconstitutional issues, a hearing on a petition under the Act is warranted if the petition makes a substantial showing that the petitioner's constitutional rights have been violated. (*People v. Wilk* (1988), 124 Ill. 2d 93, 107, 529 N.E.2d 218, 223, citing *People v. Rose* (1969), 43 Ill. 2d 273, 279-80, 253 N.E.2d 456, 461.) The sixth amendment right to counsel encompasses the right to effective assistance of counsel. (*Strickland v. Washington* (1984), 466 U.S. 668, 686, 80 L. Ed. 2d 674, 692, 104 S. Ct. 2052, 2063.) In this case the the trial court did find that Hammonds waived his right to raise even constitutional claims in his post-conviction petition. Although the trial court erred in finding that Hammonds waived his right to raise an ineffective assistance of counsel claim in his post-conviction petition, we hold such to be harmless error in that the trial court did consider the evidence presented at the hearing on Hammonds' post-conviction petition and made a finding based on that evidence.

■ Defendant claims that he was denied effective assistance of counsel at the time of the entry of his guilty plea. In order to establish that he was denied effective assistance of counsel, defendant must show that his counsel's performance was deficient, that is, counsel made errors so serious that she was no longer functioning as the "counsel" guaranteed by the sixth amendment and that the deficient performance prejudiced his defense, that is, counsel's errors were so serious as to deprive defendant of a fair trial. (*People v. Albanese* (1984), 104 Ill. 2d 504, 525-26, 473 N.E.2d 1246, 1255, *cert. denied* (1985), 471 U.S. 1044, 85 L. Ed. 2d 335, 105 S. Ct. 2061, citing *Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052.) The two-prong test of *Strickland* applies to challenges to guilty pleas based upon ineffective assistance of counsel. (*Hill v. Lockhart* (1985), 474 U.S. 52, 88 L. Ed. 2d 203, 106 S. Ct. 366.) Counsel's performance is considered deficient if it falls below an objective standard of reasonableness. (*Strickland*, 466 U.S. at 688, 80 L. Ed. 2d at 693, 104 S. Ct. at 2064.) It is not enough to show that counsel's errors had some conceivable effect on the outcome of the proceedings. To establish actual prejudice, defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland*, 466 U.S. at 694, 80 L. Ed. 2d at 698, 104 S. Ct. at 2068.

■ Defendant argues that his appointed counsel, Gloria Thurston, was ineffective because she did not fully investigate the case before allowing defendant to plead guilty. To the contrary, the record shows

that this is not the case. Thurston's involvement in this case entailed, among other things: requesting a transcript of the preliminary hearing; filing a motion for bail reduction and appointment of a statistician; representing Hammonds at a hearing on the motion for bail reduction and appointment of a statistician; moving for a continuance of the trial date, which was granted by the court; representing defendant at a hearing on a motion to change venue; and filing a motion to suppress statements, a motion to disclose Hammond's criminal record, an answer to the State's motion for discovery, a motion for substitution of the judge, and a motion for a bill of particulars. Thurston's answer to discovery included 43 names of witnesses whom counsel might call and listed as possible defenses self-defense, justifiable use of force in defense of person, serious provocation resulting in sudden and intense passion, and intoxication.

Defendant has not cited any instance where Thurston's representation of him prior to the entering of his plea or at the time of the taking of his plea prejudiced him. Hammonds' has not shown how his alleged misbelief that attorney Cole was representing him instead of Thurston hindered Thurston's representation of Hammonds. The statements made by Thurston in her affidavit do not support defendant's claim that Thurston was unprepared to represent Hammonds, that she was unaware of the defenses available to Hammonds, or that she compromised Hammonds' defense. The record indicates that defense counsel performed the duties required in this case. There is a strong presumption that a defense attorney's conduct falls within the range of reasonable professional assistance and the defendant must overcome that presumption. (*People v. Perry* (1989), 183 Ill. App. 3d 534, 551, 540 N.E.2d 379, 390.) Defendant in the case at bar has not overcome that presumption.

■ Defendant also contends that he was coerced into entering his guilty plea because he feared that Cole, Judge Spomer, and the State's Attorney were conspiring to deny him a fair trial if he insisted on a jury trial. The record of his guilty plea shows that Hammonds was admonished concerning the rights he was relinquishing, which included the right to trial and to present witnesses on his behalf. Hammonds also stated that he was not being forced to enter his plea, that no promises had been made to him, that he was satisfied with his defense counsel, and that he had sufficient time to discuss his plea with counsel. After Hammonds entered his guilty plea, the court advised him that if he changed his mind concerning the plea, he must first file a motion to withdraw his plea within 30 days from the date upon which he entered his plea. Further, Hammonds was admonished

that if he desired an attorney to represent him, counsel would be provided if Hammonds was found to be indigent. The admonitions given by the court as required under Supreme Court Rule 402 (134 Ill. 2d R. 402) are intended to protect those accused of crime by ensuring that they have not pled guilty by mistake or under a misapprehension and that they have not been coerced or improperly advised to plead to crimes they did not commit. (*People ex rel. Daley v. Suria* (1986), 112 Ill. 2d 26, 32, 490 N.E.2d 1288, 1290.) Based on the foregoing, we find Hammond's claim that his plea was coerced to be without merit.

Finally, we further find that Hammond's counsel at the hearing on his post-conviction petition was not ineffective. Defendant argues on appeal that he was denied the right to testify at the hearing and that had he been permitted to testify, he would have presented sufficient facts to support his petition. Hammonds also argues that counsel was ineffective for failing to present Cole and Thurston at the hearing. We find Hammond's contentions to be without merit.

Attached to defendant's post-conviction petition was his affidavit which set forth his allegations of error. In defendant's brief on appeal defendant fails to set forth any facts different from what were already presented to the trial court in his affidavit. Furthermore, Hammonds fails to specify what evidence Cole and Thurston would have provided which was not already before the court. We cannot say that counsel who represented Hammonds at the hearing on his post-conviction petition was ineffective under *Strickland*, as there has been no showing that Hammonds was prejudiced by counsel's conduct.

For the reasons stated above, we affirm the decision of the circuit court.

Affirmed.

WELCH and HARRISON, JJ., concur.