THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JAY FERN, Defendant-Appellant.

Second District    No. 2—91—0102

Opinion filed January 21, 1993.—Rehearing denied February 19, 1993.

G. Joseph Weller and Steven E. Wiltgen, both of State Appellate Defender's Office, of Elgin, for appellant.

Thomas F. Baker, State's Attorney, of Woodstock, and Basil Greanias, of Decatur (William L. Browers and John X. Breslin, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BOWMAN delivered the opinion of the court:

Defendant, Jay Fern, appeals from the circuit court's order dismissing his petition for post-conviction relief as patently without merit. We affirm.

In October 1988, defendant was charged by indictment with two counts of the unlawful delivery of a controlled substance (cocaine) (Ill. Rev. Stat. 1987, ch. 56½, pars. 1401(a)(2), 1401(b)(2)). On May 22, 1989, defendant entered a "blind" plea of guilty; the trial court ascertained that counsel had advised defendant of his rights and of the consequences of his plea. The court also admonished defendant of his rights and of the consequences of pleading guilty and informed defendant of the possible penalties including fines and a term of imprisonment of 9 to 40 years on count I, and 4 to 15 years on count II.

After hearing the factual basis for the plea and ascertaining that defendant persisted in entering his plea knowingly and voluntarily, the court accepted the guilty plea and entered judgment on both counts.

Following a hearing on July 19, 1989, the trial court sentenced defendant to a term of 25 years' imprisonment and imposed a fine of $50,000 as to count I, a Class X felony; the court also sentenced him to 10 years' imprisonment and imposed a fine of $25,000 as to count II, a Class 1 felony. The terms were to run concurrently. The court fully advised defendant of his right of appeal and the prerequisites to exercising that right, including the necessity of filing a written Rule 604(d) motion to vacate the judgment or reconsider the sentence. (134 Ill. 2d R. 604(d).) Without filing such a post-judgment motion, defense counsel filed a direct appeal to this court, raising sentencing issues only. This court determined that the issues were waived for failure to file a Rule 604(d) motion and affirmed the judgment. *People v. Fern* (1990), 199 Ill. App. 3d 983.

On December 3, 1990, defendant filed a *pro se* petition for post-conviction relief pursuant to the Post-Conviction Hearing Act (Act) (Ill. Rev. Stat. 1989, ch. 38, par. 122—1 *et seq.*). In his petition, he alleged the ineffective assistance of trial counsel in entering his guilty plea and in failing later to present a motion to withdraw his plea; defendant also alleged that the trial court did not fully admonish him at the time of his plea and that appellate counsel (who was also trial counsel) was ineffective in failing to raise issues concerning the entry and withdrawal of his plea. Defendant prayed that he be allowed to withdraw his guilty plea and, alternatively, that he be resentenced according to terms allegedly agreed upon prior to the entry of his plea.

On January 2, 1991, within 30 days of the filing of defendant's petition, after considering the contents of the trial record including the

transcripts of the proceedings, the trial court issued a detailed written order finding that the "blind" plea was intelligently, knowingly and voluntarily entered and that defendant was fully admonished of the consequences of his plea. The court further opined that, since the "blind" guilty plea was not the result of negotiations, there was no support for defendant's allegation that a motion to withdraw the plea was contemplated by defendant or his counsel. Accordingly, the trial court dismissed defendant's petition, and defendant filed this timely appeal *pro se* on January 22, 1991. This court appointed counsel to represent him on appeal.

The 16 pages transcribed in the record further reveal that at the proceeding wherein defendant entered his guilty plea the court personally and meticulously addressed defendant and explained the nature of the case and the consequences of entering a "blind" guilty plea. First, the trial court ascertained that counsel had advised defendant of his rights under the law and the consequences of entering a plea of guilty and that defendant would not be able to offer evidence in his defense. Defendant acknowledged this affirmatively. The court explained that if defendant persisted in his plea, the court would have no choice but to enter a conviction. The court advised defendant of his right to remain silent and of the penalties available to the court, including terms of 9 to 40 years on count I and 4 to 15 years on count II. The defendant acknowledged that he understood the nature of the charges against him and the sentences that could be imposed and that he could choose to plead guilty or not guilty. The court explained that if he pleaded guilty, he would be giving up his right to a jury or a bench trial. The court then received defendant's written waiver of a jury trial which defendant acknowledged he had read. The court further advised defendant that he would be giving up his right to confront witnesses or present evidence and would be admitting to the commission of the crimes and that he would be giving up his right to have the prosecution prove the case against him beyond a reasonable doubt. Defendant affirmatively stated that he understood his rights and was willing to give them up.

The court also inquired whether defendant was satisfied with his legal counsel. When asked if his attorneys had kept him informed throughout the proceedings and about any negotiations on his behalf, defendant stated, "They sure have." He further stated he was satisfied with what they had accomplished. Defendant denied that any promises of any kind or threats had been made to him or his family by the State's Attorney, by his counsel or any other persons in order to induce him to plead guilty. He denied that anyone had forced him

to plead guilty and stated that he was pleading guilty voluntarily. The court then explained that any sentence to be imposed would be completely within the province of the court and that if anyone had forced him into pleading guilty or had made promises to him, these would not in any way be binding on the court and would be totally unenforceable. Defendant acknowledged that he understood this.

The factual basis of the plea was then presented. The prosecution stated that if the cause were to proceed to trial, as to count II, special agent Augustine, who was working in an undercover capacity with a confidential informer, would testify that he had discussions with defendant for the purchase of cocaine and marijuana. An exchange was to be made and, in order to seal the agreement, defendant gave a free sample of 1.54 grams of cocaine (as later determined by chemist Roger Fuelster) to the confidential informant named Spannuth. The exchange took place near the McDonald's restaurant in McHenry, Illinois. The confidential informer had been searched prior to receiving the delivery from defendant on August 10, 1988.

As to count I, the testimony of special agent Augustine and Spannuth was that there were further negotiations where defendant delivered what was later determined by the forensic chemist to be 250.8 grams of high quality, uncut cocaine along with $5,000 in "earnest" money as down payment for the later delivery of 100 pounds of marijuana from the special agent. Defendant delivered the cocaine in the driveway of 518 West Dowell, in McHenry; the agent's delivery was never completed. Other evidence would include electronic surveillance testimony. Defendant acknowledged that the statement of facts regarding each count was substantially correct.

Upon further inquiry by the court, defendant agreed to persist in his guilty plea as to the offenses charged in the indictment. The court found that his plea was knowing and voluntary; the court found that there was a factual basis for the plea, accepted the plea as to both charges, and entered judgment on both counts. A presentence investigation was ordered.

At the sentencing hearing, special agent Augustine of the United States Drug Enforcement Administration testified, without objection, regarding the contents of taped telephone conversations implicating defendant in the offenses; the tapes were heard by the court. The State also presented a certified copy of defendant's 1982 conviction of unlawful calculated criminal cannabis conspiracy. The State characterized defendant as a sophisticated drug kingpin in McHenry County who posed as a businessman. The State sought terms of imprisonment

of 30 years and 10 years, respectively, for counts I and II in addition to a fine of $100,000 and forfeiture of $5,000.

Among other things, defense counsel pointed out that the State had at one point offered a sentence of 20 years in return for a guilty plea, but defendant had decided instead on a "blind" plea. Defense counsel pointed to defendant's limited prior record and lack of violence in mitigation.

Exercising his right of allocution, defendant thanked his wife and attorneys for their support and stated he would do his best to "withstand" whatever sentence the court thought was fair and just. After considering the factors in aggravation and mitigation and any agreement the parties might have had, the court determined that, given defendant's history and character, a sentence of imprisonment was necessary as a deterrent as well as for the protection of the public. The court sentenced defendant to 25 years on count I and 10 years on count II with the sentences to run concurrently along with substantial fines amounting to $75,000.

The court then specifically advised defendant of his right to appeal and the necessity of filing, prior to taking an appeal within 30 days, a written motion setting forth the grounds to have the judgment vacated and for leave to withdraw the plea of guilty.

In essence, defendant correctly contends that the central issue before this court is whether it was an abuse of discretion for the trial court to find that defendant's petition was frivolous or patently without merit. Defendant acknowledges that the traditional test for a finding of constitutionally ineffective assistance of counsel requires that (1) counsel's conduct was professionally deficient or objectively unreasonable, and (2) but for this deficiency, there is a reasonable probability that the result of the proceeding would have been different; that is, the deficient performance was prejudicial to defendant. (See *Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052.) Citing cases of questionable application here, defendant argues that, because his trial counsel, who was also his appellate counsel, was ineffective both at the plea stage and for failing to move to vacate the judgment prior to taking an appeal, defendant was procedurally defaulted on appeal and that prejudice, the second prong of the *Strickland* test of ineffective assistance of counsel, need not be shown, but rather may be presumed. In view of the well-established Illinois jurisprudence in this area of the law, we disagree. As we shall discuss further, we believe that defendant must demonstrate both counsel's deficient performance and prejudice in order to prevail on his claim.

■ The Post-Conviction Hearing Act provides a remedy to a criminal defendant who claims that a substantial violation of his constitutional rights occurred at trial. The post-conviction proceeding is not an appeal *per se* but is, instead, a collateral attack on a prior judgment. (*People v. Flores* (1992), 153 Ill. 2d 264, 272.) To be entitled to post-conviction relief, the defendant must establish that a substantial violation occurred at the proceeding that produced the judgment under attack. (*People v. Ruiz* (1989), 132 Ill. 2d 1, 9.) In other words, the Act provides that the petitioner may assert claims of a constitutional magnitude which arose in the proceeding which resulted in his conviction. The purpose of the Act is to permit inquiry into the constitutional issues involved in the *original* proceeding, although a reviewing court may also consider the effectiveness of appellate counsel in raising or failing to raise issues arising in the original proceeding where a defaulted claim stems from the incompetency of appellate counsel and results in prejudice to the defendant. *Flores*, 153 Ill. 2d at 278.

Under section 122—2.1 of the Act, which is applicable here, within 30 days of the filing of the *pro se* petition, the trial court may summarily dismiss the petition without the appointment of counsel or an evidentiary hearing if it deems the petition "frivolous" or "patently without merit," and the court's decision will not be reversed absent an abuse of discretion. (*People v. Dean* (1992), 226 Ill. App. 3d 465, 467; see also *People v. Phillips* (1989), 183 Ill. App. 3d 417, 421; Ill. Rev. Stat. 1989, ch. 38, par. 122—2.1.) This statutory post-conviction procedure has passed constitutional muster. See *People v. Porter* (1988), 122 Ill. 2d 64; *People v. Baugh* (1985), 132 Ill. App. 3d 713.

The issue on appeal is solely whether the court erred in finding that the petition was frivolous or patently without merit and therefore precluded advancement to the second-stage proceedings provided by the statute. (*People v. White* (1987), 152 Ill. App. 3d 404, 406; Ill. Rev. Stat. 1989, ch. 38, par. 122—2.1(b).) If the petition survives summary dismissal, the court then orders the petition docketed for further consideration, and the State is entitled to attack the sufficiency of the petition and be heard on that point in the trial court before the court can properly order an evidentiary hearing. The trial court may examine the court file of the proceeding in which the petitioner was convicted in arriving at its decision. Ill. Rev. Stat. 1989, ch. 38, par. 122—2.1(c).

We point out that, given the procedural posture of this case, we would have no authority to order an evidentiary hearing even if we agreed with defendant's position because the State would be entitled

to attack the sufficiency of the petition prior to the grant of an evidentiary hearing. (See *White*, 152 Ill. App. 3d at 406.) We are limited to a consideration of whether the petition was adequate to warrant further proceedings. Any claim not raised in the original or amended petition is deemed waived. (Ill. Rev. Stat. 1989, ch. 38, par. 122—3.) Keeping these principles in mind, we therefore analyze this case by focusing strictly on whether defendant's petition was sufficient to survive summary dismissal by demonstrating that a substantial constitutional violation occurred at the original proceeding wherein he entered his blind plea of guilty.

In the case at bar, the trial court concluded, after careful consideration of the petition and the record, that defendant did not make a substantial showing that he was denied the effective assistance of trial counsel; that he was in fact properly admonished of the consequences of entering his guilty plea; and that the plea was entered knowingly and voluntarily. Implicit in its finding was the conclusion that there was no basis for defendant or his counsel to later withdraw the plea. We find no abuse of discretion in the court's dismissal of the petition for the reasons that follow.

■ Defendant appears to argue that the "procedural default" affecting his right of appeal which occurred *after* the entry of his judgments of conviction and sentences automatically excuses the requirement that he show prejudice in the original proceeding arising from the allegedly deficient conduct of trial counsel. Defendant cites *Lozada v. Deeds* (1991), 498 U.S. 430, 112 L. Ed. 2d 956, 111 S. Ct. 860 (*per curiam* opinion), and *In re Ring* (1990), 141 Ill. 2d 128, in support of his position that prejudicial error should be presumed in this case. We find these cases either inapplicable or distinguishable on the facts. Furthermore, we decline to establish a rule of *per se* reversible or prejudicial error in the type of case before us.

*Lozada* involved a Federal *habeas corpus* proceeding. The defendant had been convicted of four drug offenses in a Nevada State court, and defendant filed no direct appeal. After exhausting State post-conviction remedies, defendant filed a petition for a writ of *habeas corpus* in the Federal district court. Defendant contended that the ineffective assistance of counsel had deprived him of the opportunity to appeal his convictions in State court because, in particular, he alleged his attorney failed to inform him of his right to appeal, of the procedures and time limitations for an appeal, and of his right to appointed counsel. Furthermore, he alleged that the attorney failed to file a notice of appeal or to insure that he received appointed counsel on appeal. The petition also alleged that defendant had been misled when

the attorney told defendant's sister that his case had been forwarded to the public defender's office.

Without holding a hearing on Lozada's claims, a Federal magistrate recommended that the petition be dismissed. The district court agreed and dismissed the petition, rejecting the ineffective assistance claim on the ground that defendant's allegations failed to satisfy the *Strickland* test. The court acknowledged that trial counsel's alleged failure to inform defendant of his right to appeal might constitute conduct below constitutional standards and reasoned that defendant had not indicated what issues he would have raised on appeal and had not demonstrated that the appeal might have succeeded. Thus, the court concluded that the prejudice prong of the *Strickland* test had not been met. The district court denied Lozada a certificate of probable cause to appeal the denial of *habeas corpus* relief, stating that defendant had failed to show any prejudice from counsel's alleged errors. The United States Court of Appeals for the Ninth Circuit also denied a certificate of probable cause to appeal the denial of *habeas corpus*. Defendant filed a writ of *certiorari* to the Supreme Court.

In its *per curiam* order, the Supreme Court first explained that, for the issuance of a certificate of probable cause, in order to make a substantial showing of the denial of a Federal right, a petitioner who has been denied relief in a district court must demonstrate that: the issues are debatable among jurists of reason; that a court *could* resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further. The Court concluded that the Court of Appeals erred in denying Lozada a certificate of probable cause under the "substantial showing" test where Lozada made a substantial showing that he was denied the right to the effective assistance of counsel. The Court believed that the issue of prejudice caused by the alleged denial of the right to appeal could be resolved in a different manner than the one followed by the district court and noted that prior Federal appellate decisions presumed prejudice (see, *e.g.*, *Abels v. Kaiser* (10th Cir. 1990), 913 F.2d 821). It appears, that, on the facts of that case, the defendant made a "substantial showing" which raised a presumption of prejudice sufficient to allow the case to proceed in the Federal courts.

We do not believe that the holding of *Lozada* is dispositive of the case at bar. First, *Lozada* involved the interpretation of Federal procedural law only and did not decide a constitutional issue that would be binding on this court. In construing our own State laws, we are not bound by Federal court decisions other than, in appropriate cases, those of the United States Supreme Court; although such decisions

are entitled to respect, they have only advisory effect upon the decisions of this court. (*Office of Lake County State's Attorney v. Human Rights Comm'n* (1992), 235 Ill. App. 3d 1036, 1043.) State courts are not required to follow a United States Supreme Court precedent unless the result therein is mandated by the Constitution of the United States. (*People v. Gillespie* (1990), 136 Ill. 2d 496, 502-03.) We believe the *Lozada* case merely stands for the proposition that, in a Federal *habeas corpus* proceeding, a more relaxed "substantial showing" test may be appropriate to allow the case to go forward procedurally if the defendant raises facts sufficient to raise a reasonable or debatable question of counsel's deficient performance such that prejudice could be presumed. *Lozada* did not decide substantively that the prejudice prong of the *Strickland* test need not *ever* be met at some point in the proceedings. *Lozada* also did not decide as a threshold question whether, in a summary State post-conviction proceeding, the challenge to the entry of a guilty plea such as the one at bar is subject to the two-pronged *Strickland* test.

Additionally, the facts in *Lozada* concerning counsel's performance appear to show a more egregious neglect of the case than the record would show in the present case. Finally, we observe that, in contrast to *Lozada* (and *Abels*), defendant here has, in fact, raised in his petition the issues which could have been raised on direct appeal. We shall discuss the facts of the present case in more detail below. We conclude that *Lozada* is both legally and factually distinguishable and should be limited to its particular factual setting.

We believe that the relaxed "substantial showing" test used in *Lozada* is inapplicable to the present case, which involves the challenge to a guilty plea in a State summary post-conviction proceeding. Indeed, it is well settled that the two-pronged *Strickland* test applies to a challenge to a guilty plea where the ineffective assistance of counsel is alleged (*People v. Jones* (1991), 144 Ill. 2d 242, 254; *People v. Huante* (1991), 143 Ill. 2d 61, 67, both relying on *Hill v. Lockhart* (1985), 474 U.S. 52, 57, 88 L. Ed. 2d 203, 209, 106 S. Ct. 366, 369-70; accord *People v. Hammonds* (1991), 210 Ill. App. 3d 854, 858), and we consider ourselves bound by the precedents cited here.

Defendant also argues that this court should not decide the merits of his post-conviction claims based on whether his appeal might succeed. Defendant's reliance upon *In re Ring* (1991), 141 Ill. 2d 128, in this regard is misplaced. *Ring* involved the discipline of an attorney who, without properly advising his client, failed to pursue an appeal by neglecting to file an appellate brief and allowing the appeal to be dismissed. While pointing out the seriousness of counsel's failure to

pursue the appeal, the court stated, in *dictum*, that it would proceed to decide the issue of attorney misconduct and the sanctions therefor without inquiring into whether the client's exercise of his right to appeal would have been fruitful. (*Ring*, 141 Ill. 2d at 142.) That the supreme court would decide an attorney discipline matter without an inquiry into the prejudice suffered by the client offers no support to defendant's position here where, based on precedent, we have decided that the prejudice prong of *Strickland* is applicable to our inquiry. As relied on by defendant, *Ring* is simply neither precedential nor relevant to the case before us.

■ Having determined the appropriate test for proper review, we now address the merits of defendant's post-conviction petition. In order to prevail in a post-conviction proceeding, the defendant has the burden of making a substantial showing that his constitutional rights have been violated; he must support the allegations by affidavits, the record or other evidence containing specific facts, or the petition may be dismissed. Mere conclusions are insufficient to entitle defendant to an evidentiary hearing. *People v. Dean* (1992), 226 Ill. App. 3d 465, 469; *People v. Avitia* (1989), 178 Ill. App. 3d 968, 969-70.

In support of his petition, defendant alleged that his defense counsel coerced him into pleading guilty and had told him he had little or no chance of winning at trial; he also argued that he would have been allowed to withdraw his plea but for the ineffectiveness of trial counsel. He alleged that counsel misrepresented the sentence that he would have received including the possibility that he could receive a term of imprisonment of 30 to 60 years or natural life. Afraid of receiving such a harsh penalty, defendant agreed to a "blind" guilty plea only in return for a 7- to 15-year term as promised by his counsel and agreed to by the State and the sentencing judge. Defendant also alleged that the trial court failed to admonish him of the various consequences of his guilty plea.

■ The trial court correctly found that the trial record not only does not support these allegations affecting the voluntariness of his plea, but contradicts them as well. Where the trial record refutes defendant's assertions that his plea was not knowingly and voluntarily entered, courts may properly dismiss or deny a defendant's petition. See, *e.g.*, *People v. Jones* (1991), 144 Ill. 2d 242; *People v. Huante* (1991), 143 Ill. 2d 61; *People v. Jett* (1991), 211 Ill. App. 3d 92; *People v. Hammonds* (1991), 210 Ill. App. 3d 854; *People v. Cotton* (1974), 19 Ill. App. 3d 476.

Our review of the record shows that the trial court was meticulous in ascertaining whether any promises or threats were made by

the State or by defense counsel to induce defendant's guilty plea. Defendant stated unequivocally that no such promises were made. Defendant stated on the record that he was properly advised by his counsel and was satisfied with his performance. The court made it clear that this was a "blind" plea and that any sentence would be within its discretion. Defendant's allegation that he entered a "blind" plea in return for a 7- to 15-year term is self-contradictory, illogical and contrary to the record. There was no negotiated plea entered here in which the trial court could have concurred. Defense counsel agreed on the record in the presence of defendant that there was no agreed disposition of the charges. In a plea agreement, the defendant is offered consideration in exchange for his agreement to enter a guilty plea which one who enters a "blind" plea does not receive. (*People v. Eckhart* (1989), 127 Ill. 2d 146, 152.) The court carefully explained this to defendant. Thus, defendant could not have legitimately expected the particular sentence which he now claims was offered him. The common-law record does show that the State in fact offered defendant a 20-year term which he rejected in favor of a blind plea. Defendant agreed with the factual basis for the plea and submitted himself to the mercy of the court at sentencing.

Additionally, our careful examination of the record, as detailed in our recitation of the facts, reveals that the court meticulously advised defendant of the consequences of his plea and of his right to appeal. He acknowledged affirmatively and repeatedly that he understood the consequences of his plea. After sentencing, defendant was advised of the proper procedure to perfect his appeal. The admonitions given by the trial court before and after the plea cannot simply be disregarded. To accept defendant's claim would require us to characterize the court's lengthy and exhaustive admonitions as merely a perfunctory or ritualistic formality—a characterization we are unwilling to make. (*Jones*, 144 Ill. 2d at 263; see *Hammonds*, 210 Ill. App. 3d at 860.) The main thrust of his petition is his disappointment with the sentence he received. Based on the foregoing, there is simply no basis for holding that defendant's guilty plea was not voluntarily made; he cannot now legally complain merely because he is dissatisfied with the length of his sentence. (*People v. Robinson* (1987), 157 Ill. App. 3d 622, 629.) The mere belief or hope of a defendant that he will get a shorter sentence by pleading guilty would not permit him to withdraw his plea when that expectation is unfulfilled. (*People v. Jones* (1985), 135 Ill. App. 3d 1023, 1033.) Based on the foregoing, we conclude that the plea was entered knowingly and voluntarily and there is no basis for a claim of ineffective assistance of counsel at the plea

stage—either because of counsel's deficient conduct or on the basis of prejudice.

In his petition, defendant also claimed that his trial counsel (who was also appellate counsel) was ineffective in failing to withdraw his plea and this in turn prejudiced his right to appeal. He claimed that, on appeal, he would also have raised the issue of the voluntariness of his plea as well as the excessiveness of his sentence. In his memorandum of law in support of the petition, defendant also added that counsel misrepresented to him that he had little or no chance of winning at trial, but defendant believed he had a defense of entrapment. Without evidentiary support or an affidavit, defendant further alleged in his petition that he instructed his counsel to file a motion to withdraw his guilty plea, but counsel failed to do so.

For trial counsel to be ineffective for failing to file a Rule 604(d) motion to withdraw the guilty plea (134 Ill. 2d R. 604(d)), it must be shown that he was requested to do so. (*People v. Jett* (1991), 211 Ill. App. 3d 92, 95.) The *Strickland* test applies equally here. (*People v. Wilk* (1988), 124 Ill. 2d 93, 108.) Thus, it must be shown that counsel's performance fell below an objective standard of reasonableness in failing to follow Rule 604(d) and that this failure resulted in substantial prejudice to defendant. *Jett*, 211 Ill. App. 3d at 98.

All we have is defendant's bare and unsubstantiated allegation that his counsel failed to follow Rule 604(d). Even if we assume that counsel should have but failed to file a Rule 604(d) motion, defendant still has not established that he suffered substantial prejudice; that is, that there is a reasonable probability that, but for counsel's unprofessional error, the result of that proceeding would have been different. *Strickland*, 466 U.S. at 694, 80 L. Ed. 2d at 698, 104 S. Ct. at 2068.

Defendant has the burden of showing to the trial court the necessity of withdrawing his plea, and it is within the discretion of the trial court to determine whether the plea may be withdrawn. (*People v. Smithey* (1983), 120 Ill. App. 3d 26, 31.) The withdrawal of a guilty plea may be allowed in circumstances where the plea resulted from a misapprehension of law or fact, or in cases where it appears the plea was entered as a result of a misrepresentation by counsel, the State's Attorney, or someone else in authority. (*Smithey*, 120 Ill. App. 3d at 31.) We find none of those circumstances present here.

We have already determined that the plea was not involuntary on the basis of promises made to defendant. Defendant's only remaining claim is that he had a viable defense of entrapment for trial purposes and that counsel "misrepresented" that defendant had little or no

chance of winning at trial. The expectation or hope of a lesser sentence or the convincing nature of the evidence against the accused is a consideration suggesting the advisability of a guilty plea. (*People v. Jones* (1991), 144 Ill. 2d 242, 269-70.) Taking defendant at his word, it appears to us that counsel made a strategic decision that a guilty plea was in defendant's best interest to avoid a greater sentence of up to 40 years' imprisonment.

Furthermore, the evidence against defendant was more than sufficient to convict him of the offenses—notwithstanding his subjective opinion that he had a viable defense of entrapment. The court heard the factual basis for the plea which would include the testimony of an undercover agent and an informant regarding defendant's culpable role in the drug transactions. Tape recordings of defendant's conversations implicating him in the offenses were introduced later in the proceedings. There was an exchange of a large amount of high quality, uncut cocaine of the type ordinarily handled by regular drug dealers. Defendant also had a prior felony drug conviction which might have been used to show he was predisposed to commit the offenses. It is very unlikely that the entrapment defense would have worked to his benefit at trial. See *People v. Huante* (1991), 143 Ill. 2d 61, 73 (defendant had only remote chance of acquittal where State's evidence included testimony of undercover officer).

A trial counsel's informed strategic choices are virtually unchallengeable as instances of ineffective assistance of counsel. (*Jones*, 144 Ill. 2d at 270.) Our review of the evidence offered in the record leads us to believe that counsel's decision to advise defendant to plead guilty was an informed, strategic choice. Had counsel's strategy succeeded in obtaining a significantly shorter sentence, it is doubtful that defendant would now be arguing his counsel was incompetent. Defendant has not shown a probability that he would have prevailed in withdrawing his guilty plea; therefore, the prejudice requirement has not been met. We conclude that the claims raised in defendant's post-conviction petition could not have succeeded in the trial court or on appeal. The same *Strickland* test and analysis would be applied to appellate counsel. See *Flores*, 153 Ill. 2d at 283.

For the foregoing reasons, the order of the circuit court dismissing defendant's post-conviction petition is affirmed.

Affirmed.

INGLIS, P.J., and McLAREN, J., concur.