NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 180351-U

NO. 4-18-0351

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
December 18, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Livingston County |
| ANDREW L. WHITE, | ) | No. 13CF33 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jennifer H. Bauknecht, |
| | ) | Judge Presiding. |

_____

JUSTICE HOLDER WHITE delivered the judgment of the court.
Justices Turner and Harris concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court affirmed, finding the trial court did not err in granting the
State's motion to dismiss defendant's petition for postconviction relief.

¶ 2    Defendant, Andrew L. White, appeals from the trial court's second-stage

dismissal of his postconviction petition. On appeal, defendant argues he made a substantial

showing he was denied his constitutional right to the effective assistance of appellate counsel.

For the reasons discussed below, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4    In 2013, the State charged defendant with aggravated battery to a police officer

(count I) (720 ILCS 5/12-3.05(a)(3) (West 2012)), aggravated fleeing or attempting to elude a

peace officer (count II) (625 ILCS 5/11-204.1(a)(1) (West 2012)), and aggravated reckless

driving (count III) (*id.* § 11-503(c)). The State alleged defendant "knowingly caused great bodily harm to Livingston County Pro-Active Unit Officer Casey Kohlmeier *** in that he drove his vehicle away at a high rate of speed while Officer Kohlmeier's arm was still inside the vehicle ***." Following a jury trial, defendant was convicted of all counts. See *People v. White*, 2016 IL App (4th) 140345-U, ¶¶ 6-10 (discussing the evidence presented at trial and defendant's sentence).

¶ 5        Defendant filed a timely motion for a new trial, arguing the State failed to prove him guilty of aggravated battery beyond a reasonable doubt because the evidence was insufficient to show Officer Kohlmeier suffered great bodily harm. The trial court denied defendant's motion, finding "there was *** evidence presented to support the jury's verdict that Officer Kohlmeier did in fact suffer great bodily harm when his hand was broken in two places and he sustained the fall on the highway."

¶ 6        Defendant appealed, challenging only his sentence. *Id.* ¶ 3. On appeal, this court affirmed defendant's convictions. *Id.* ¶ 37.

¶ 7        In 2017, defendant filed the instant petition for postconviction relief pursuant to the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2016)), in which he argued appellate counsel rendered ineffective assistance by failing to raise the following claims on direct appeal: (1) the State presented insufficient evidence to show defendant "knowingly" caused great bodily harm to Officer Kohlmeier, (2) the trial court deprived defendant of his right to due process "by not allowing [him] to present evidence of a video that was admitted into evidence," and (3) trial counsel was ineffective for failing to object to certain testimony at the preliminary hearing. The court found defendant's petition stated the gist of a constitutional claim and advanced it to second-stage proceedings.

¶ 8          The State moved to dismiss defendant's petition, arguing defendant forfeited each of the allegedly meritorious claims by failing to raise them in his posttrial motion and, forfeiture aside, each claim lacked merit given the overwhelming evidence of defendant's guilt. The court granted the State's motion, finding that "[s]ince these issues were not raised in the post-trial motion, they are [forfeited]. This was not a closely balanced case and thus the plain error rule is not implicated."

¶ 9          This appeal followed.

¶ 10                                   II. ANALYSIS

¶ 11          On appeal, defendant argues the trial court erred in dismissing his postconviction petition. Specifically, defendant contends he made a substantial showing appellate counsel rendered ineffective assistance by failing to raise the following claims on direct appeal: (1) the State presented insufficient evidence to show defendant "knowingly" caused great bodily harm to Officer Kohlmeier, (2) the trial court deprived defendant of his right to due process "by not allowing [him] to present evidence of a video that was admitted into evidence," and (3) trial counsel was ineffective for failing to object to certain testimony at the preliminary hearing.

¶ 12          The Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2016)) provides a three-stage procedure for criminal defendants to collaterally attack their convictions based on a substantial denial of their constitutional rights, which is initiated by the filing of a petition for postconviction relief. *People v. Hodges*, 234 Ill. 2d 1, 9, 912 N.E.2d 1204, 1208 (2009). "If the [trial] court finds that the petition is not frivolous or patently without merit ***, the proceedings move to the second stage ***." *People v. Kelly*, 2012 IL App (1st) 101521, ¶ 22, 977 N.E.2d 858. During second stage proceedings, the trial court determines "whether the petition and any accompanying documentation make a 'substantial showing of a constitutional

violation.' " *People v. Domagala*, 2013 IL 113688, ¶ 33, 987 N.E.2d 767 (quoting *People v. Edwards*, 197 Ill. 2d 239, 246, 757 N.E.2d 442, 446 (2001)). We review *de novo* the trial court's dismissal of a postconviction petition at the second stage of proceedings. *People v. Pendleton*, 223 Ill. 2d 458, 473, 861 N.E.2d 999, 1008 (2006).

¶ 13        Criminal defendants have a constitutional right to the effective assistance of counsel on direct appeal. See *Evitts v. Lucey*, 469 U.S. 387, 396-97 (1985); *People v. Avitia*, 178 Ill. App. 3d 968, 970, 533 N.E.2d 1158, 1160 (1989). Claims of ineffective assistance of appellate counsel are analyzed under the familiar standard set forth in *Strickland v. Washington*, 466 U.S. 668, 685-87 (1984). *People v. English*, 2013 IL 112890, ¶ 33, 987 N.E.2d 371. "Under that standard, a defendant must show both that appellate counsel's performance was deficient and that, but for counsel's errors, there is a reasonable probability that the appeal would have been successful." *Id.* "Appellate counsel is not required to raise issues that he reasonably determines are not meritorious." *Id.* ¶ 34. "[U]nless the underlying issues are meritorious, [a] defendant has suffered no prejudice from counsel's failure to raise them on appeal." *People v. Easley*, 192 Ill. 2d 307, 329, 736 N.E.2d 975, 991 (2000).

¶ 14        Here, we find the trial court did not err in dismissing defendant's postconviction petition, as defendant forfeited each of the allegedly meritorious claims raised in his petition by failing to include them in his motion for a new trial. See, *e.g.*, *People v. Enoch*, 122 Ill. 2d 176, 186, 522 N.E.2d 1124, 1129 (1988) ("[T]he failure to raise an issue in a written motion for a new trial results in [forfeiture] of that issue on appeal."). Forfeiture aside, we also find, given the overwhelming evidence of defendant's guilt, no colorable argument can be made defendant was prejudiced by appellate counsel's failure to raise the relevant claims.

¶ 15        At trial, the State presented unrebutted evidence showing defendant drove down the interstate "going approximately 40 miles per hour" with Officer Kohlmeier "on the running board on the driver's side of the vehicle." *White*, 2016 IL App (4th) 140345-U, ¶ 7. Officer Kohlmeier fell from the vehicle and "suffered a bruised rib, a scaphoid fracture of the right wrist, and a fracture of his distal radius, which required a splint and time off work to heal." *Id.* ¶ 10. After Officer Kohlmeier fell from the vehicle, defendant continued to flee from another police officer "at speeds in excess of 100 miles per hour." *Id.* ¶ 7. Based on this evidence, we cannot say there exists a reasonable probability that but for appellate counsel's failure to include the asserted claims, defendant's appeal would have been successful. See *English*, 2013 IL 112890, ¶ 33. Accordingly, we affirm the trial court's judgment.

¶ 16                              III. CONCLUSION

¶ 17        For the reasons stated, we affirm the trial court's judgment.

¶ 18        Affirmed.